### GINNA et al. v. MERSEREAU MFG. CO.

(Circuit Court of Appeals, Third Circuit. January 25, 1899.)

#### No. 38.

PATENTS—CAN-MAKING MACHINES.
    The Hipperling patent, No. 281,508, for an improvement in machines for double-seaming the head and bottom of rectangular shaped tin cans, must, in view of the prior Atkinson patent, No. 279,853, be confined to the particular form of construction shown; and the second and third claims are not infringed by a machine made under the Adriance patent, No. 472,284.

Appeal from the Circuit Court of the United States for the District of New Jersey.

This was a suit in equity by Stephen A. Ginna and Richard A. Donaldson against the Mersereau Manufacturing Company for alleged infringement of a patent for an improvement in machines for manu-

facturing tin cans. The circuit court dismissed the bill (69 Fed. 344), and the complainants have appealed.

Rowland Cox, for appellants.

Edwin H. Brown, for appellee.

Before DALLAS, Circuit Judge, and BUTLER and KIRKPAT-RICK, District Judges.

DALLAS, Circuit Judge. By the bill in this case, the defendant below, who is the appellee here, was charged with infringement of letters patent No. 281,508, dated July 17, 1883, issued to the appellants as assignees of William Hipperling, the inventor. The nature of the invention covered by the patent is sufficiently and accurately stated in the opinion of the learned judge in the court below, and the claims alleged to have been infringed are there set forth at length. It is needless, therefore, to restate these matters here.

Several errors are assigned, but the only point insisted upon as ground for reversal is presented in the brief of argument for the appellants, as follows:

"What we conceive to be the error of the court below is that his honor held the Atkinson patent, so called, describes a successful machine, by reason of the existence of which the patent in suit must be narrowly construed, so as to exclude defendant's machine."

This proposition properly presents the only question in the case, but we cannot affirm it. Our independent examination of the subject has brought us all to the same conclusion as was reached in the court below. The Atkinson machine was not a failure. It was susceptible of improvement, and it was improved both by Hipperling and by Atkinson himself. Hipperling may justly be accorded the credit due to an improver, but he clearly was not the first to devise a practical machine for double-seaming rectangular cans. It follows that his monopoly must be limited to his specific construction, and, being so restricted, it is clear that the appellee has not impinged upon it. The authorities are sufficiently cited in the opinion of the court below, and our views upon both the law and the facts are so well indicated in that opinion as to render further statement of them unnecessary. The language of Mr. Justice Bradley, quoted from the decision in Loom Co. v. Higgins, 105 U. S. 580, does not support the contention which the learned counsel for the appellants has based upon it. We agree that it was certainly a new and useful result to make a machine produce a much larger number of cans per day than it had ever before produced, and that the combination of elements by which this was effected would be invention sufficient to form the basis of a patent; but we cannot agree that the improvement made by Hipperling could form the basis of a patent for anything more than the particular means by which that improvement was attained. Admitting that Hipperling made it possible to double-seam, in any given time, more cans than it had been possible to double-seam in the same time with the Atkinson machine, yet, inasmuch as Hipperling's contrivance was but an improvement, he did not, by devising it, entitle himself to the pre-existing subject-matter to which it related. The decree of the circuit court is affirmed.